IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **C&R TRANSPORT SERVICES, LLC,** *et al.* | § § § |
| **Plaintiffs,** | § § |
| v. | §   Civil Action No. 4:23-cv-00536-O-BP § |
| **RITCHIE BROS. AUCTIONEERS (AMERICA) INC.,** *et al*. | § § § § |
| **Defendants.** | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Remand ("Motion") filed by Plaintiffs on June 6, 2023 (ECF No. 6) and Response filed by Defendant Ritchie Bros. Auctioneers (America) Inc. ("RBA") on June 22, 2023 (ECF No. 9). United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management on August 17, 2023. ECF No. 13. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiffs' Motion, **REMAND** the case to the 67th District Court of Tarrant County, Texas, and **DENY** all other pending motions as **MOOT**.

**I.    BACKGROUND**

On April 27, 2023, Plaintiffs filed an action in the 67th Judicial District Court of Tarrant County, Texas, against RBA, Kolby Worthy ("Worthy"), and "Unknown Defendant." ECF Nos. 1 at 1; 1-1 at 1. On May 30, 2023, RBA timely removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1 at 2. In support of its claim of diversity jurisdiction, RBA asserts that because Plaintiffs seek compensatory damages and punitive damages, the amount in controversy requirement under 28 U.S.C. § 1332(a) is met. *Id*. at

15. The parties do not dispute that Plaintiffs are citizens of New York, RBA is a citizen of Washington and Nebraska, Worthy is a citizen of Texas, and complete diversity exists. *Id.* at 3-4.

In their Motion, Plaintiffs argues that this case cannot be removed under the forum-defendant rule because Worthy is a properly joined forum-defendant. ECF No. 6. RBA argues that the Court should disregard Worthy's citizenship because he was improperly joined. ECF No. 1 at 4-13; 9 at 2-8. Both parties assume that the improper joinder doctrine applies to the forum-defendant rule. ECF Nos. 1, 6, 9.

## II.     LEGAL AUTHORITIES

### A.     *Pro Se* Standard

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.     **Forum-Defendant Rule and Improper Joinder**

Under 28 U.S.C. § 1441(a), a defendant may remove any case brought in state court in which a federal court has original jurisdiction. Federal courts have jurisdiction over civil actions between citizens of different states with an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). The rule of complete diversity "requires that all persons on one side of the

controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)

Diversity cases have "an additional limitation on removal . . . known as the forum-defendant rule." *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Under 28 U.S.C. § 1441(b)(1), "[a] civil action otherwise removable on the basis of" diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The forum-defendant rule is procedural, not jurisdictional. *Tex. Brine Co., L.L.C.*, 955 F.3d at 485.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories.*, 408 F.3d 177, 183 (5th Cir. 2005). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). RBA's argument requires the Court to extend this doctrine to a third category: the plaintiff has not stated a claim against a diverse defendant that he properly alleges is diverse.

The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). All disputed fact questions and ambiguities of state law are to be resolved in favor of the non-removing party. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "The removal statute is [] to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

3

**III.   ANALYSIS**

RBA does not deny that Worthy is a forum defendant. Instead, it argues that the Court should disregard Worthy's citizenship because Plaintiffs improperly joined him. ECF Nos. 1 at 4; 9. But while "[t]he law is well settled that . . . . improper joinder doctrine allows a court to ignore an improperly joined, *non-diverse defendant* in determining subject matter jurisdiction[,]" it is not "well-settled regarding whether improper joinder doctrine can extend to situations where diverse in-state defendants are joined in an effort to defeat removal under the forum-defendant rule." *OAM Corp. v. Owners Ins. Co.*, No. 3:13-cv-03872-N, 2013 WL 12128782, at *2 (N.D. Tex. Dec. 5, 2013) (internal quotation marks omitted) (emphasis in original); *see also DeLong v. car2go NA, LLC*, No. 1:19-cv-232-RP, 2019 WL 3423442, at *2 n.2 (W.D. Tex. July 30, 2019) ("[I]t is unclear whether the improper joinder doctrine would even apply had it not been waived.").

Some district courts in this circuit have applied the improper joinder doctrine to the forum-defendant rule. *See Taylor v. Cavender Buick of Tex. Ltd.*, No. SA-16-cv-724-XR, 2016 WL 6581353, at *1-*2 (W.D. Tex. Nov. 7, 2016) (citing *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014)); *Aguilar v. Wal-Mart Stores Tex., LLC*, No. 1:14-cv-245, 2015 WL 11023492, at *4-*5 (E.D. Tex. Jan. 6, 2015) (citing *Smallwood*, 385 F.3d at 573). But "[i]t is unclear that" these Fifth Circuit cases "resolve the issue." *Butler v. ENSCO Intercontinental GmbH*, No. CV H-16-578, 2017 WL 496073, at *7 (S.D. Tex. Feb. 7, 2017). In *Lucien* and *Smallwood*, the Fifth Circuit considered the improper joinder of *non-diverse* defendants and remanded for lack of subject-matter jurisdiction. *See id.*; *Lucien*, 756 F.3d at 795-96; *Smallwood*, 385 F.3d at 574-77. "No Circuit, let alone the Fifth Circuit, has conclusively held that the improper joinder doctrine extends to forum defendants." *WF/TX Invs., LLC v. Seneca Ins. Co., Inc.*, No. 4:19-cv-00751, 2020 WL 1812672, at *3 (E.D. Tex. Apr. 9, 2020); *see also Morris v.*

4

*Nuzzo*, 718 F.3d 660, 666-71 (7th Cir. 2013) (declining to "rule definitively on the issue absent a more thorough and more able presentation of the relevant balance of interests").

Many district courts considering the issue have managed to avoid it altogether, holding that even if improper joinder applied, the forum defendant was properly joined. *OAM Corp.*, 2013 WL 12128782, at *2 ("Assuming, without deciding, that improper joinder doctrine provides an exception to the forum-defendant rule," the court held the plaintiff did not improperly join the forum defendant and remanded.); *Butler*, 2017 WL 496073, at *7 ("Because this court determines that one of [plaintiff's] claims was properly joined and remand is required, it is not necessary to decide whether the improper joinder doctrine applies when there is an in-state defendant and complete diversity."); *Gamble v. Renaissance Grp.*, No. CV 19-10661, 2020 WL 5748340, at *2 n.30 (E.D. La. Sept. 25, 2020) (Where the parties assumed improper joinder applied, the court did as well, found that the plaintiff properly joined the forum defendant, and remanded); *see also Cannon v. Shelf Drilling Holdings Ltd*, No. 4:22-cv-3748, 2023 WL 6174411, at *3 (S.D. Tex. Sept. 22, 2023).

At least one district court in this circuit held that the improper joinder doctrine does not apply to the forum-defendant rule, since the "improper joinder doctrine is a narrow exception to the rule of complete diversity[.]" *Tipton v. Landen*, No. 6:15-cv-02811, 2016 WL 919539, at *5 (W.D. La. Mar. 8, 2016) ("Thus, the forum defendant rule—a procedural standard—is totally unrelated to the improper joinder doctrine, and there is no basis for conflating improper joinder and the forum defendant rule."); *see also Gamble*, 2020 WL 5748340, at *2 n.30 ("The Court notes that because it must construe all ambiguities of law in favor of the party seeking remand, this [unsettled question] is an independent basis for remand.").

Additionally, United States District Judge Ed Kinkeade of this Court recently refused to extend improper joinder to the forum-defendant rule in several cases (although he also held that the defendants were properly joined, even if the improper joinder doctrine did apply). *See Monical v. Johnson & Johnson*, No. 3:22-cv-00859-K, 2022 WL 17835060, at *5 (N.D. Tex. Dec. 20, 2022) ("Even if the Court were to consider the fraudulent joinder argument, remand would nevertheless be required because the [] Defendants did not meet their heavy burden of establishing [improper joinder]."); *see also Thick v. Johnson & Johnson*, No. 3:21-cv-03090-K, 2022 WL 17834535, at *4 (N.D. Tex. Dec. 20, 2022); *Hitchcock v. Johnson & Johnson*, No. 3:21-cv-03091-K, 2022 WL 17834536, at *5 (N.D. Tex. Dec. 20, 2022); *Altholz v. Johnson & Johnson*, No. 3:22-cv-00856-K, 2022 WL 17834544, at *5 (N.D. Tex. Dec. 20, 2022); *Shelnutt v. Johnson & Johnson*, No. 3:22-cv-00855-K, 2022 WL 17835059, at *5 (N.D. Tex. Dec. 20, 2022).

The undersigned agrees with Judge Kinkeade and United States Magistrate Judge Patrick Hanna in *Tipton*. The Fifth Circuit's "precedent has applied the improper joinder doctrine only in cases where a defendant was improperly joined as a matter of substantive law. None of [its] precedents involve[] a defendant who was improperly joined as a matter of procedure[.]" *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 820-21 (5th Cir. 2021) (Ho, J., concurring). Improper joinder is a narrow exception to the jurisdictional requirement of complete diversity, not the procedural requirement of the forum-defendant rule. *McDonal*, 408 F.3d at 183; *Tex. Brine Co., L.L.C. v.*, 955 F.3d at 485. Further, all fact questions and legal ambiguities are resolved in favor of the non-removing party, and any doubts must be resolved in favor of remand. *Travis*, 326 F.3d at 649; *Gasch*, 491 F.3d at 281-82. Thus, Judge O'Connor should decline to extend improper joinder, a jurisdictional doctrine, to the forum-defendant rule, a procedural one. *Tex. Brine Co., L.L.C.*, 955 F.3d at 485.

The parties do not dispute that complete diversity exists, and that Worthy, a Texas citizen, is a diverse defendant. ECF Nos. 1 at 4; 6 at 2. Thus, RBA mistakenly claims that Plaintiffs joined Worthy to destroy diversity jurisdiction. ECF No. 1 at 4. Plaintiffs could not achieve such a feat when all parties are diverse. Because the improper joinder doctrine is a narrow exception to complete diversity, it is not applicable to a diverse defendant. *See Tipton*, 2016 WL 919539, at *5. Thus, the sole issue is whether RBA's removal was improper under the forum-defendant rule: "[i]n other words, whether the removal was procedurally defective." *Monical*, 2022 WL 17835060, at *3. Here, Plaintiffs originally filed suit in Worthy's home state of Texas. ECF No. 1. Thus, Worthy is a forum-defendant, and RBA may not remove the case under 28 U.S.C. § 1441(b)(1).

## IV.   CONCLUSION

The improper joinder doctrine does not extend to the forum-defendant rule, and the Court cannot ignore Worthy's Texas citizenship. Because Worthy is a forum-defendant, this case cannot be removed to federal court because of the provisions of 28 U.S.C. § 1441(b)(1). Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Plaintiffs' Motion (ECF No. 6) and **REMAND** the case to the 67th Judicial District Court of Tarrant County, Texas, from whence it was removed.

The undersigned further **RECOMMENDS** that Judge O'Connor **DENY** all other pending motions (ECF Nos. 7, 11) as **MOOT**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on December 6, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE